IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MR. SCOTT JEFFREY MELNICK,

        Plaintiff,

   v.                                         CIVIL ACTION
                                                    NO. 14-3070

LEHIGH PIZZA,

        Defendant.

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                                                  January 28, 2015

        On May 29, 2014, Plaintiff Scott Jeffrey Melnick filed a *pro se* complaint against Defendant Lehigh Pizza.[1] For reasons discussed below, this action will be dismissed with prejudice.

        The Court has a duty to consider subject matter jurisdiction *sua sponte* at all stages of litigation. *Yellowbird Bus Co. v. Lexington Ins. Co.*, 450 F. App'x 213, 216 (3d Cir. 2011). The complaint in this matter appears to indicate that both Plaintiff and Defendant are citizens of Pennsylvania, so there is no diversity jurisdiction. *See* 28 U.S.C.A. § 1332. The complaint alleges federal question jurisdiction on the basis of "Embezzlement, Theft of Service[, and] Conspiracy." The Court perceives no federal question in either that express statement or elsewhere throughout the complaint.

        "A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations

---

[1] The record in this matter does not indicate that any of these documents have been properly served on Defendant, which could provide an independent basis for dismissal. Given the other bases for dismissal discussed in this opinion, however, the Court will not go through the process of notifying Plaintiff of the intent to dismiss for lack of service.

within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The *DeGrazia* court further described the plaintiff's claims as warranting dismissal because "they rel[ied] on fantastic scenarios lacking any arguable factual basis." *Id.* In apparently related complaints filed by Plaintiff Melnick against other defendants around the same time, it is just possible to discern that the claims involve some alleged agreement between Plaintiff and others (not always very clearly the named defendants, which is also a problem here) under which Plaintiff would psychically predict lottery numbers and the others would actually play the lotteries and remit a share of the proceeds to Plaintiff. *See, e.g.*, *Melnick v. Temple Beth El*, No. 14-3207 (E.D.P.A.). Although the complaint in this particular case does not specifically mention the fantastical allegations about psychic ability, in leaving that out, it also leaves out any real explanation of the claim and contains no reference to any agreement with any of the people mentioned. The complaint references conversations with a woman (seemingly a customer) and a counter attendant at Lehigh Pizza. The complaint expressly notes the woman's disinterest, and at best suggests Plaintiff told the counter attendant how to win the lottery, with no indication of any agreement, interest, or even comment in return. The complaint also expressly questions whether or not "Lehigh Pizza or its employee" actually made any attempt to win a lottery and whether any potential attempt was successful. The only thing clear about the allegations is their fantastical and entirely insubstantial nature; in turn, the lack of a basis for this Court to exercise jurisdiction is also clear.

Dismissal is also appropriate based on noncompliance with Federal Rule of Civil Procedure 8, which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and allegations to be "simple, concise, and direct." *See also Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007). The complaint in this matter contains numerous instances of nonsensical phrasing and irrelevant information (e.g., "I was to explain my nature during a chance meeting at Lehigh Pizza. The slightly attractive (college age) student was to arouse my intellect, and I was to tell her my story. She was with two other people and doing most of the deliberating about the house. The music was down and I tried to get her up on my lottery instincts. She said she felt disinterested, but I argued for a point in that I was eating large fries on my own."). The complaint is devoid of a comprehensible statement of the claim itself; as noted above, the Court can just barely begin to grasp what the complaint may be about by reading it in conjunction with Plaintiff's complaints in other cases.

Further, it is appropriate that dismissal on these various bases be with prejudice. The utterly confused nature of the complaint suggests any amendment would be futile. Even if Plaintiff could amend to expressly allege that someone involved here actually agreed to enter into some arrangement, the apparent crux of the complaint is an unbelievable and meritless claim of a contract to profit from Plaintiff's psychic abilities, with no conceivable jurisdictional link; no amendment can cure that deficiency.